## ROCKY FORD IRR. CO. et al. v. KENTS LAKE RESERVOIR CO. et al.

No. 6473.   Decided August 11, 1943.   (140 P. 2d 638.)

See 67 C. J. Waters and Water Courses, sec. 501; 27 R. C. L. 1079.

For former opinion, see 104 Utah___, 135, P. 2d 108.

*Cline, Wilson & Cline,* of Milford, and *H. R. Waldo,* of Salt Lake City, for appellants.

*Elias Hansen* and *E. J. Skeen,* both of Salt Lake City, *LeRoy H. Cox,* of St. George, and *Grover A. Giles,* Atty. Gen., for respondents.

WOLFE, Chief Justice.

In petition for rehearing the appellants contend that the original opinion has laid down the rule that a corporation can maintain a supplemental storage right indefinitely without providing storage facilities (to fulfill such storage) and without taking any steps or using any efforts to protect such right. It is claimed that under the decision this can be done by having certain of the stockholders make a direct flow diversion of waters, which because of inadequate storage facilities have never been impounded, and putting said waters to a beneficial use. In conjunction with this contention it is urged that

"if such is the law, there is nothing to prevent a reservoir company or corporation from making a filing for supplemental storage, and thereafter do nothing toward providing storage facilities, but trust to good fortune that once in five years there will be an exceptionally high water season when the state engineer, to prevent a flood condition lower down, will request users to take the surplus water; and, if by good fortune this happened at least once in five years, the storage right will be kept open and alive without the expenditure of any money or the building of any reservoir."

The opinion did not so hold, or does it have any such implication.

We merely held that the appellants had failed to show a continuous five year period during which the respondent failed to use its full 1660 acre feet of water. Therefore, there was not a forfeiture under Sec. 100-1-4, U. C. A. 1943, which provides for a forfeiture only upon a showing that the appropriator or his successor in interest has failed to use the water for a period of five years. Under this section forfeiture is based upon the failure to use the water. The evidence shows that in 1937 the respondent did use the water by storing and later using 950 acre feet and by using 710 acre feet by making a direct diversion from the river without first impounding the water so diverted. Since the respondent used the water for beneficial purpose, forfeiture could not be based on nonuser.

This holding does not, however, imply that an appropriator can, without getting the approval of the State Engineer, change the nature of the use or the place of diversion. Nor can the decision be construed as holding that an appropriator who has a supplemental storage right may, without completing construction of storage facilities in the allotted time and without getting an extension of time for the completion of construction, keep his storage right alive indefinitely by making direct flow diversions from the river.

By Sec. 100-3-2, U. C. A. 1943, the storage of water is regarded as a diversion and the point where the released water is taken from stream is regarded as a rediversion. Before a change in the place of diversion or in the nature of the use may be made, the person seeking the change must, under Sec. 100-3-3, secure the consent and approval of the state engineer. The section further provides that:

"Any person who changes or who attempts to change a point of diversion, place or purpose of use, either permanently or temporarily without first applying to the state engineer in the manner herein provided, shall obtain no right thereby and shall be guilty of a misdemeanor, each day of such unlawful change constituting a separate offense."

This section provides its own enforcement clause and nowhere in the statutes does it appear that such a change in the place of the diversion or in the nature of the use shall constitute a forfeiture of the water.

Further, the state engineer is given authority under ■ Sec. 100-2-1, U. C. A. 1943, to

"bring suit in courts of competent jurisdiction to enjoin the unlawful appropriation, diversion, and use of both surface and underground water and to prevent waste, loss, or pollution thereof and to otherwise enable him to carry out the duties of his office."

It thus appears that there are adequate procedures under which the state engineer can compel the appropriator to comply with the law governing the diversion and the use of water storage rights.

In regards to the contention that a storage right may, under the original opinion, be kept alive indefinitely without any attempt to provide adequate storage facilities, we refer appellants to Sec. 100-3-13, which provides:

"Any other applicant or any user of water from any river system or water source may protest to the state engineer that such work is not being diligently prosecuted to completion, whereupon the state engineer shall give the applicant doing such work or his assigns sixty days' notice by registered mail to his last recorded address to appear on a date to be designated and show cause, if any he has, why his application shall not be declared forfeited in whole or in part, and on such date such applicant or his assigns shall be permitted to produce any lawful evidence tending to show compliance on his part with the law. At such hearing the state engineer may hear and consider any and all competent evidence tending to show whether or not the applicant or his assigns have complied with the law. If diligence is not shown by the applicant the state engineer may declare the application and all rights thereunder forfeited. The decision of forfeiture shall be final unless an action to review it is filed as provided by section 100-3-14."

This present suit did not involve an action to declare a forfeiture because of the failure of the respondents diligently to prosecute the construction of the dams, but the

claimed forfeiture was based on the alleged failure of respondent to use the water for over five years.

Throughout the entire proceedings all the parties have assumed that Kents Lake Reservoir Company had acquired a water right which it could forfeit by five years of non-user. The record discloses that the rights of these parties were settled by a court decree entered November 13, 1931. This decree provided that the rights decreed by it were based upon applications made to the state engineer under the provisions of the statutes and that they were subject to future compliance with the terms of the said applications and to the submission of proof thereon as required by statute. The record also shows that Kents Lake has not completed its construction in the time allowed or at all and that it failed to get any extensions of time. It may be, therefore, that the statute providing for forfeiture for five years of continuous non-user has no application to this situation. Kents Lake does not have a completed appropriation. During the time allowed by the state engineer for completion of construction of dams and facilities so that the water could be used, it was never contemplated that Kents Lake should use the water. In fact, in many cases similar to this, it would be impossible for the appropriator to put the water to the intended beneficial use until the proposed construction was completed. Such construction in some cases is designed to raise the level of water so that it could be used on higher lands; a canal or pipe line might be required to carry the water to new lands and in order to get it there the canal or pipe line would have to be completed. Hence, in such cases it clearly would not be contemplated that the water be used during this period or that the failure to use would constitute a forfeiture under Sec. 100-1-4. This certainly would be true so long as the time in which proposed construction was to have been completed had not expired. If construction is not prosecuted diligently to completion, any other applicant or any user of water from any river system or water source in the state

may protest to the state engineer, and upon proper showing the state engineer might declare the application and all rights obtained thereunder void. See Section 100-3-13, U. C. A. 1943. It may therefore well be that this remedy provided by Sec. 100-3-13 is the exclusive procedure to be followed in this situation and that Sec. 100-1-4 has no application.

The petition for rehearing should be and is denied.

McDONOUGH and WADE, JJ., concur.

LARSON and MOFFAT, JJ., dissenting.